UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **HAYMARKET-GALERIA, LLC, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **No. 22-939-JWD-SDJ** |
| **ASSOCIATED INDUSTRIES INSURANCE CO., INC.** | |

*consolidated with*

| | |
|---|---|
| **HAYMARKET-GALERIA, LLC, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **No. 23-1252-JWD-SDJ** |
| **BLACKBOARD INSURANCE CO., INC., ET AL.** | |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have **14 days** after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within **14 days** after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on February 7, 2025.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **HAYMARKET-GALERIA, LLC, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **No. 22-939-JWD-SDJ** |
| **ASSOCIATED INDUSTRIES INSURANCE CO., INC.** | |
| *consolidated with* | |
| **HAYMARKET-GALERIA, LLC, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **No. 23-1252-JWD-SDJ** |
| **BLACKBOARD INSURANCE CO., INC., ET AL.** | |

## MAGISTRATE'S REPORT AND RECOMMENDATION

Before the Court is a Motion to Dismiss for Failure to Prosecute (R. Doc. 37) filed on December 10, 2024, by Defendants Independent Specialty Insurance Company and Certain Underwriters at Lloyd's. Plaintiffs have not filed an opposition to the Motion. For the reasons discussed herein, the undersigned **RECOMMENDS** that the Motion to Dismiss be **GRANTED**, dismissing this action as to Independent Specialty Insurance and Lloyd's, and furthermore that the entire action be **DISMISSED without prejudice**.

**I.    Background**

This matter involves two cases that were consolidated due to their being brought by the same Plaintiffs regarding the same set of facts. (R. Doc. 15, Order of Consolidation).[1]

---

[1] The two cases have separate docket sheets, but after consolidation, all filings are made in the lead case (22-939). Document references here reference the lead case; the member case will be referred to with its case number.

Case No. 22-939 was removed to this Court on December 2, 2022. On December 19, 2022, the Court issued a notice to attorney Kevin Tucker noting that, though listed as the attorney for Plaintiffs Haymarket-Galeria LLC and Garden View Apartments LLC, he is not admitted to practice in the Middle District; the notice contains instructions on how to become admitted. (R. Doc. 4). Accordingly, Plaintiffs were—and remain—unrepresented by an attorney.[2] On March 30, 2023, Defendant Associated Industries requested an extension of time to submit a joint status report on account of Defendant's inability to reach Plaintiffs' counsel. (R. Doc. 7). On April 13, 2023, Defendant represented to the Court that Plaintiffs' counsel had not provided inserts for the status report despite multiple attempts, but that counsel for Plaintiffs did inform Defendant that he was working toward becoming admitted to the Middle District. (R. Doc. 9). A Joint Status Report was filed on May 30, 2023, despite Kevin Tucker's non-admittance to the Middle District. (R. Doc. 11). A Scheduling Order was issued on June 1, 2023 (R. Doc. 12), and the collateral cases were consolidated on November 8, 2023. (R. Doc. 15).

Case No. 23-1252 was removed to this Court on September 1, 2023. (No.23-1252, ECF No. 1). On September 6, 2023, the same notice was sent to Kevin Tucker alerting him that he was not yet admitted to practice in the Middle District. (No.12-1252, ECF No. 7). There was no further filing by Plaintiffs before the cases were consolidated.

On December 4, 2023, all Defendants requested a status conference, which was held on January 11, 2024; Plaintiffs' yet unenrolled counsel was not present. (R. Doc. 21). On May 23,

---

[2] Plaintiffs are two limited liability companies and cannot represent themselves in this Court. "It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel. . . . [And] the rationale for that rule applies equally to all artificial entities," including limited liability companies like these plaintiffs. *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-202 (1993) (noting 28 U.S.C. § 1654 "does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney."); *see also Memon v. Allied Domecq QSR*, 385 F.3d 871, 873 (5th Cir. 2004) (28 U.S.C. § 1654 only "authorizes individuals to appear in federal courts pro se"); 28 U.S.C. § 1654 (requiring appearance personally or by counsel).

2024, the Court issued an Order to Show Cause, noting that corporations may not proceed pro se, and ordering that Kevin Tucker show cause in writing why these cases should not be dismissed for failure to prosecute. (R. Doc. 26). On June 24, 2024, Tucker timely responded to the order, citing surgical procedures, his age, and his goal of retiring by July 2025 as reasons he had not yet committed to the case, and that Plaintiffs agree he should withdraw. (R. Doc. 27 at 2). Tucker asked the Court's patience while he assisted Plaintiffs in finding new counsel. (R. Doc. 27 at 2). On August 7, 2024, a status conference was held before the District Judge; Tucker and a corporate representative for Plaintiffs did not attend. (R. Doc. 32). On August 19, 2024, the District Judge issued an order staying this case for 90 days to allow Tucker and Plaintiffs to find new counsel. (R. Doc. 33). On December 10, 2024, the stay was lifted, and no counsel had enrolled on behalf of Plaintiffs; indeed, at the time of this writing Plaintiffs remain impermissibly unrepresented. (*See supra*, note 2).

## II.    Law & Analysis

Local Civil Rule 41(b) provides for dismissal "by the Court for lack of prosecution ... [w]here a cause has been pending six months without proceedings being taken within such period." L.R. 41(b)(1)(C). This provision requires that, prior to issuance of a dismissal, the plaintiff be sent notice and "allowed fourteen calendar days from mailing of the notice within which to file evidence of good cause for plaintiff's failure to act." L.R. 41(b)(2). It also specifically provides that "[i]f no response is received within the allotted time, the Court may dismiss the civil action." *Id.*

Federal Rule of Civil Procedure 41(b) states that, if a plaintiff fails to prosecute or to comply with the Federal Rules or a court order, a defendant may move to dismiss the action; any

such dismissal operates as a ruling on the merits.³ Fed. R. Civ. P. 41(b). "Dismissal with prejudice is warranted when lesser sanctions would prove futile and/or where a party continues in a pattern of delay, in the face of warnings of dismissal." *Ludwig v. PHH Mortg. Corp.*, No. CV 22-00349-BAJ-EWD, 2024 WL 4293896, at *1 (M.D. La. Sept. 25, 2024) (quoting *Atkins v. Ferro Corp.*, No. CV 03-945-A-M2, 2006 WL 8432342, at *3 (M.D. La. Aug. 14, 2006)). But "dismissal with prejudice is a harsh sanction, to be used only in extreme circumstances." *Kabbe v. Rotan Mosle, Inc.*, 752 F.2d 1083, 1084 (5th Cir. 1985). "[The Fifth Circuit] will affirm dismissals with prejudice for failure to prosecute only when (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Campbell v. Wilkinson*, 988 F.3d 798, 802 (5th Cir. 2021) (quoting *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992)). "Moreover, in most cases where [the Fifth Circuit has] affirmed a dismissal with prejudice, [the court] found at least one of three aggravating factors: (1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Id.* (internal quotations omitted).

Here, the Court has for two years repeatedly alerted attorney Kevin Tucker that he was not properly enrolled. The District Judge's August 19, 2024 Order informed Plaintiffs that "[i]f, at the conclusion of the 90 days, no such attorney has enrolled on Plaintiff's behalf, this matter will be referred back to the Magistrate Judge Johnson to consider how to proceed, including recommending dismissal for want of prosecution." (R. Doc. 33). And indeed, no attorney was enrolled, and no other correspondence was received from Plaintiffs regarding their failure to

---

³ With exceptions that do not apply here.

prosecute. Additionally, Plaintiffs have not responded to the instant Motion to Dismiss. In fact, the Court has not heard from Plaintiffs since Tucker's response to the Order to Show Cause, on June 24, 2024. (R. Doc. 27). The Court now finds that Plaintiffs have had ample notice and opportunity to retain an attorney admitted in the Middle District or to respond to the Court's orders regarding their failure to prosecute, and so dismissal of the entire action is proper. However, it is clear that the delays and repeated failure to act were caused by Plaintiffs' attorney, not Plaintiffs themselves. There is no indication that the extreme measure of dismissal with prejudice is warranted in this case.

For the reasons above, the undersigned **RECOMMENDS** that the Motion to Dismiss (R. Doc. 37) be **GRANTED**, dismissing this action as to Independent Specialty Insurance and Lloyd's, and furthermore that the entire consolidated action be **DISMISSED without prejudice**.

Signed in Baton Rouge, Louisiana, on February 7, 2025.

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**